IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–02399–RM–KMT

LAURI LYNCH,

       Plaintiff,

v.

CRC INDUSTRIES, INC.,
RUST-OLEUM CORPORATION,
THE B'LASTER CORPORATION,
EXXON MOBIL CORPORATION,
ILLINOIS TOOL WORKS, INC.,
TIEJIN LIMITED,
TEIJIN CARBON AMERICA, INC.,
ZOLTEK COMPANIES, INC., and
JOHN DOES 1-25,

       Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on the following motions:

1. "Defendant Illinois Tool Works' [("ITW")] Motion to Dismiss Second Amended

    Complaint" (Doc. No. 65 [ITW Mot.], filed November 8, 2019]) and "Memorandum

    in Support of Illinois Tool Work's Motion to Dismss" (Doc. No. 66 [ITW Mem.]);

2.  "Defendant Zoltek Companies, Inc.'s Motion to Dismiss Plaintiff's Second Amended

Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 70 [Zoltek Mot.], filed

November 19, 2019)[1]; and

3.  "Defendant Teijin Limited's Motion to Dismiss Plaintiff's First Amended Complaint

Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No 117 [Teijin Mot.], filed March 5,

2020).[2]

Plaintiff filed a combined response to the motions to dismiss (Doc. No. 78 [Resp.], filed

November 29, 2019) and a notice of supplemental authority (Doc. No. 113 [Suppl. Authority]),

and Defendant ITW and Zoltek filed replies (Doc. No. 80 [ITW Reply] filed December 10,

2019); Doc. No. 81 [Zoltek Reply]).

Also before the court is "Plaintiff's Opposed Motion for Leave to File Amended

Complaint" (Doc. No. 76 [Mot. Am.], filed November 25, 2019), to which ITW and Zoltek filed

responses (Doc. No. 82 [ITW Resp. Mot. Am.], filed December 12, 2019; Doc. No. 83 [Zoltek

Resp. Mot. Am.], filed December 16, 2019).  Plaintiff did not file a reply.

## STATEMENT OF THE CASE

Plaintiff sues the defendants alleging strict liability claims of failure to warn and design

defect and negligence claims of negligent design and negligent failure to warn. (Second Am.

Compl., ¶¶ 26-42.)  She alleges the defendants manufactured and sold harmful products to her

---

[1] Defendant Zoltek adopts the arguments of ITW in its motion to dismiss.
[2] Defendant Teijin Limited filed its motion to dismiss subsequent to Plaintiff's filing of her
Second Amended Complaint (Doc. No. 63 [Second Am. Compl.) on November 5, 2019, and
incorporates the arguments made by ITW in its motion to dismiss the Second Amended
Complaint (Teijin Mot. at 1-2.)  Thus, the court will construe Teijin's motion as a motion to
dismiss the Second Amended Complaint, rather than the First Amended Complaint.

husband's employer, UTC-Aerospace.  (*Id.*, ¶¶ 12, 14.)  Mr. Lynch allegedly worked with these

chemicals and other solvents during his employment as a carbon fiber worker at UTC-Aerospace

from 1996 to 2016.  (*Id.* at ¶¶ 18, 20.)  Plaintiff alleges that Mr. Lynch was diagnosed with

metastatic bladder cancer around October 2016.  (*Id.*, ¶ 23.)  He died on or about September 9,

2017.  (*Id.*)  Plaintiff alleges Mr. Lynch's exposure to one or more of these chemicals caused his

bladder cancer and ultimate death.  (*Id.*, ¶ 24.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss

a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the

parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d

1194, 1201 (10th Cir. 2003) (quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual

allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v.*

*Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).  "To survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.' "  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means

that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  *Id*.  The *Iqbal* evaluation requires two prongs of

analysis.  First, the court identifies "the allegations in the complaint that are not entitled to the

assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (citation omitted).

## ANALYSIS

### A.      *Statute of Limitations*

Defendants argue Plaintiff's claims are barred by the applicable statue of limitations. (*See* ITW Mot.)

In cases, like this one, based on diversity jurisdiction over state-law claims, a federal court applies the substantive law of the state in which it sits, including state-law limitations periods. *Burnham v. Humphrey Hosp. Reit Tr., Inc.*, 403 F.3d 709, 712 (10th Cir. 2005). The

parties agree that Plaintiff's claims are governed by Colorado law and Colo. Rev. Stat. § 13–80–

106, which provides that,

> Notwithstanding any other statutory provisions to the contrary, all actions . . .
> brought against a manufacturer or seller of a product, regardless of the substantive
> legal theory or theories upon which the action is brought, for or *on account of*
> personal injury, *death*, or property damage caused by or resulting from the
> manufacture, construction, design, formula, installation, preparation, assembly,
> testing, packaging, labeling, or sale of any product, or the failure to warn or
> protect against a danger or hazard in the use, misuse, or unintended use of any
> product, or the failure to provide proper instructions for the use of any product
> *shall be brought within two years after the claim for relief arises* and not
> thereafter.

Colo. Rev. Stat. § 13–80–106 (emphasis added).  Defendants argue, citing *Boyd v. A.O. Smith*

*Harvestore Prod., Inc.*, 776 P.2d 1125, 1127 (Colo. App. 1989), that a claim arises when a

plaintiff knew or should have known that damages occurred because of a product defect.

According to the Second Amended Complaint, Mr. Lynch was diagnosed with cancer around

October 2016 (Second Am. Compl., ¶ 23), and he worked with and was exposed to what Plaintiff

believes were cancer-causing products from 1996 through 2016 (*id.*, ¶ 17–18).  Defendants argue

that, "[o]nce a plaintiff has suspicion of wrongdoing, she is under a duty to attempt to find the

facts."  *Butt v. Wright Med. Tech., Inc.*, No. 14–CV–3208–WJM–MEH, 2015 WL 4162576, at

*2 (D. Colo. July 10, 2015).  Accordingly, Defendants argue, Plaintiff had to bring her claims by

October 2018, at the very latest.

In response, Plaintiff does not dispute the accuracy of *Boyd*, which held that a claim for

relief arises when the plaintiff discovered or should have discovered, in the exercise of

reasonable diligence, the defect.  *Boyd*, 776 P.2d at 1127.  However, Plaintiff argues that her

claims are not time-barred because the products liability statute of limitations, Colo. Rev. Stat. §

13–80–106(1), "sets the outward time for when the claim would be limited" but the wrongful

death accrual statute, Colo. Rev. Stat. § 13–80–108(2), "provides a date certain for accrual of wrongful death claims, in other words when the clock begins to run."  (Resp. at 3.)  Under this theory, Plaintiff's claims did not begin to run until her husband died.

A majority of the other statutes of limitations in Article 80 of Chapter 13 of the Colorado Revised Statutes begin to run when the cause of action accrues[3], and Colo. Rev. Stat. § 13–80–108 then explains when these causes of action accrue.  However, the products liability statute of limitations employs different language.  Instead of referring to the date of accrual, it provides that, "*[n]otwithstanding any other statutory provisions to the contrary,*" products liability actions must be filed "within two years after the claim for relief *arises*."  Colo. Rev. Stat. § 13–80–106 (emphasis added).  *See*, *e.g.*, *Cloer v. Sec'y of Health & Human Servs.*, 654 F.3d 1322, 1333 (Fed. Cir. 2011) (discussing the fact that Congress may dictate that a cause of action arises on a separate date from when it accrues).

The products liability statute of limitations encompasses actions for wrongful death.  *See, e.g.*, *Ayala By & Through Ayala v. Joy Mfg. Co.*, 580 F. Supp. 521, 525 (D. Colo. 1984) (applying products liability statute of limitations to wrongful death action but finding claim fell within one enumerated exception in statute.); *see also* Colo. Rev. Stat. § 13–80–106 (encompasses actions "for or on account of personal injury, death, or property damage").  To the extent the products liability statute of limitations conflicts with the statute of limitations for an underlying claim, as is the case here, the products liability statute controls.  *Persichini v. Brad Ragan, Inc.*, 735 P.2d 168, 172–73 (Colo. 1987) ("In the absence of a clear expression of

---

[3] *See*, *e.g.*, Colo. Rev. Stat. §§ 13-80-101; 102; 102.5; 103; 103.5; 103.6; 103.7; 103.8; and 107.5.

legislative intent to the contrary, a statute of limitations specifically addressing a particular class

of cases will control over a more general or catch-all statute of limitations."); *see*, *e.g.*, *Kambury*

*v. DaimlerChrysler Corp.*, 334 Or. 367, 374, 50 P.3d 1163, 1166 (2002) (holding that a similar

products liability statute of limitations controls over the wrongful death statute of limitations).

Accordingly, Plaintiff's claims began to run from the date that she discovered or

reasonably should have discovered the alleged defect, not the date of her husband's death.  Mr.

Lynch was diagnosed with cancer around October 2016.  (Second Am. Compl., ¶ 23.)  From

1996 through 2016, prior to his diagnosis, he had worked with what Plaintiff believed were

cancer-causing chemicals.  (*Id.*, ¶ 17–18.)  Plaintiff, therefore, had to bring her claims, if at all,

by October 2018, at the very latest.  Because she did not file her case until August 23, 2019, her

claims are time-barred.

Defendants' motions to dismiss should be granted.

**B.**     ***Motion to Amend Complaint***

Plaintiff seeks to amend her complaint to clarify facts regarding the alleged harmful

products supplied to her decedent husband's employer and to provide additional factual

allegations supporting four causes of action.  (Mot. Am. At 2, ¶ 4.)

A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or

futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "A proposed amendment is

futile if the complaint, as amended, would be subject to dismissal."  *Scott v. Carlson*, 596 F.

App'x. 625, 627 (10th Cir. 2014) (quoting *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir.

2004)).  As explained *supra*, Plaintiff's claims, as amended, are subject to dismissal as to

Defendants Illinois Tool Works, Inc., Teijin Limited, and Zoltek Companies, Inc., because the

statute of limitations has run.  Accordingly, the motion to amend should be denied.

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that "Defendant Illinois Tool Works' [("ITW")] Motion to Dismiss

Second Amended Complaint" (Doc. No. 65), "Defendant Zoltek Companies, Inc.'s Motion to

Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No.

70), and "Defendant Teijin Limited's Motion to Dismiss Plaintiff's First Amended Complaint

Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No 117) be **GRANTED**.  The court further

**RECOMMENDS** that the "Plaintiff's Opposed Motion for Leave to File Amended

Complaint" (Doc. No. 76) be **DENIED**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of this Recommendation, any party may

serve and file written objections to the magistrate judge's proposed findings of fact, legal

conclusions, and recommendations with the Clerk of the United States District Court for the

District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re

Griego)*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district

court on notice of the basis for the objection will not preserve the objection for de novo review.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely

and specific to preserve an issue for de novo review by the district court or for appellate review."

*United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make

timely objections may bar de novo review by the district judge of the magistrate judge's

proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation de novo despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).

Dated this 27th day of August, 2020.

BY THE COURT:

_____

Kathleen M. Tafoya
United States Magistrate Judge