**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No.  1:19-cv-02399-RM-KMT

LAURI LYNCH,

      Plaintiff,

v.

CRC INDUSTRIES, INC.,
RUST-OLEUM CORPORATION,
B'LASTER CORPORATION,
EXXON MOBIL CORPORATION,
ILLINOIS TOOL WORKS, INC.,
TEIJIN LIMITED,
TEIJIN CARBON FIBER AMERICA, INC.,
ZOLTEK COMPANIES, INC.,

      Defendants.

---

## ORDER

---

      This matter is before the Court on the Recommendation of United States Magistrate Judge Kathleen M. Tafoya filed on August 27, 2020 (ECF No. 136) which recommended granting three motions to dismiss filed by Defendants Illinois Tool Works, Inc. ("ITW"), Tiejin Limited, and Zoltek Companies, Inc. ("Zoltek") (ECF Nos. 65, 70, 117) and denying Plaintiff Lauri Lynch's motion for leave to file an amended complaint (ECF No. 76). On September 8, 2020, Plaintiff filed an Objection to the Recommendation (ECF No. 138), and ITW filed a Response (ECF No. 139) to which Zoltek joined (ECF No. 140).

Based on Plaintiff's filing of a timely written objection, the Court has reviewed the Recommendation *de novo* in light of the file and record in this case. *See* Fed. R. Civ. P. 72(b)(3).

Neither party objects to the Recommendation's statement of the case, and this Court finds no clear error in the recitation. Based on those facts, the magistrate judge recommended granting the motions to dismiss under the applicable statute of limitations where Plaintiff's cause of action arose in October 2016. Specifically, the magistrate judge recommended applying the products liability statute of limitations under Colo. Rev. Stat. § 13-80-106(1), which provides:

> Notwithstanding any other statutory provisions to the contrary, all actions [. . .] brought against a manufacturer or seller of a product, regardless of the substantive legal theory or theories upon which the action is brought, for or on account of personal injury, death, or property damage caused by or resulting from the manufacture, construction, design, formula, installation, preparation, assembly, testing, packaging, labeling, or sale of any product, or the failure to warn or protect against a danger or hazard in the use, misuse, or unintended use of any product, or the failure to provide proper instructions for the use of any product shall be brought within two years after the claim for relief arises and not thereafter.

The recommendation applied the products liability statute of limitations, with claim arising when a plaintiff knew or should have known that damage occurred because of a product defect. *See Boyd v. A.O. Smith Harverstore Prod., Inc.*, 776 P.2d 1125, 1127–28 (Colo. App. 1989). Ultimately, the magistrate judge rejected Plaintiff's argument that the "accrual date" dictated by Colo. Rev. Stat. § 13-80-108(2) controls, and determined that ,"[t]o the extent the products liability statute of limitations conflicts with the statute of limitations of an underlying claim, as is the case here, the product liability statute controls." (ECF No. 136, at 6.) Therefore, "Plaintiff's claims began to run from the date that she discovered or reasonably should have discovered the alleged defect, not the date of her husband's death," meaning Plaintiff had to bring her claims prior to October 2018. (*Id.* at 7.)

2

On *de novo* review the Court concludes that the Recommendation is correct. The Court finds Plaintiff's product liability claims arose when she discovered or reasonably should have discovered her husband's cancer diagnosis, under Colo. Rev. Stat. § 13-80-106(1), not the date of her husband's death. *See Bunting v. Bristol-Myers Squibb Co.*, No. 06-6052(FLW), 2011 WL 2784101, at *3 (D. N.J. July 12, 2011) ("Colorado imposes a two-year limit on filing suit against a manufacturer regardless of the legal theories upon which the action is brought."); *Kambury v. DaimlerChrysler Corp.*, 334 Or. 367, 374 (2002) (holding a products liability statute of limitations controls over the wrongful death statute of limitations where "the legislature created a remedy for death caused by a *particular source*, specifically product defects") (emphasis added). The express language of the products liability statute of limitations provides for its application "[n]otwithstanding any other statutory provision to the contrary…." Colo. Rev. Stat. § 13-80-106(1). Its scope includes products liability actions for "death." *Id.* And it is the more specific statute of the competing ones identified by the parties. Consequently, Plaintiff's product liability claims brought after October 2018 are barred.

Plaintiff does not object to the portion of the magistrate judge's Recommendation that recommends denying Plaintiff's motion for leave to file an amended complaint. This Court finds no clear error in this portion of the magistrate judge's Recommendation. *See Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

Therefore, it is ORDERED that Plaintiff's Objection (ECF No. 138) is OVERRULED; that the Recommendation (ECF No. 136) is ACCEPTED and ADOPTED as an order of the Court;

that Defendants' motions to dismiss (ECF Nos. 65, 70, 117) are GRANTED, and that Plaintiff's

motion for leave to amend her complaint (ECF No. 76) is DENIED.

DATED this 24th day of September, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge