**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:19-cv-02399-RM-KMT

LAURI LYNCH,

    Plaintiff,

v.

CRC INDUSTRIES, INC.,
RUST-OLEUM CORPORATION,
B'LASTER CORPORATION,
EXXON MOBIL CORPORATION,
ILLINOIS TOOL WORKS, INC.,
TEIJIN LIMITED,
TEIJIN CARBON FIBER AMERICA, INC.,
ZOLTEK COMPANIES, INC.,

    Defendants.

---

## ORDER
---

This matter is before the Court on two motions: Plaintiff Lauri Lynch's ("Plaintiff") "Rule 59(e) Motion for Reconsideration of the Court's Order Dismissing Three Defendants" (the "Motion to Reconsider") (ECF No. 144) and Defendants CRC Industries Inc. ("CRC"), Rust-Oleum Corporation ("Rust-Oleum"), The B'Laster Corporation ("Blaster"), ExxonMobil Corporation ("ExxonMobil"), and Teijen Carbon Fiber America Inc.'s ("Teijin Carbon Fiber") (collectively, the "Remaining Defendants") joint motion to dismiss (ECF No. 142). For the reasons set froth below, the Court DENIES Plaintiff's Motion to Reconsider and GRANTS the Remaining Defendants' joint motion to dismiss.

*Motion to Reconsider.* On September 24, 2020, the Court, after overruling Plaintiff's objections, adopted the magistrate judge's recommendation to dismiss Defendants Illinois Tool Works, Inc., Tiejin Limited, and Zoltek Companies (collectively, the "Dismissed Defendants"), holding that Plaintiff's claims were barred by the products liability statute of limitations (Colo. Rev. Stat. § 13-80-106(1)).

"The Federal Rules of Civil Procedure recognize no motion for reconsideration." *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (citation and quotation marks omitted). Nonetheless, "the court retains the power to alter rulings until final judgment is entered on a cause."[1] *Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (emphasis added) (citing Fed. R. Civ. P. 54(b)). "'Grounds warranting a . . . motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Such motions may not, however, "merely advance[] new arguments" or provide "supporting facts which were available at the time of the original motion." *Servants of the Paraclete,* 204 F.3d at 1012; *see also Matasantos Comm. Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1209 n.2 (10th Cir. 2001) ("A motion for reconsideration is not, however, an opportunity for the losing party to raise new arguments that could have been presented originally."). "Absent extraordinary

---

[1] The Court notes, however, that despite ordering dismissal of the three defendants, the Court did not enter judgment. *See* Fed. R. Civ. P. 54(b) ("when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay").

circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed." *Servants of Paraclete*, 204 F.3d at 1012.

Here, Plaintiff argues, for the first time that two cases control this Court's analysis: *Fish v. Liley*, 120 Colo. 156 (1949) and *Rowell v. Clifford*, 976 P.2d 363 (1998). In doing so, she acknowledges that "[t]he issue was not adequately briefed prior to [entry of the dismissal order]," but fails to provide any reason for her omission. (ECF No. 144, at 2.) This argument, however, was available to her at when the motion to dismiss was briefed and when she objected to the magistrate judge's recommendation to grant dismissal. As stated, a motion to reconsider is not an opportunity for the losing party to raise new arguments that should have been raised earlier. Therefore, a motion to reconsider premised on this argument is improperly brought.

That being said, even if the Court were to consider this new argument, it is unpersuasive. Plaintiff argues that it is improper to apply the products liability statute of limitations to wrongful death claims brought by someone else other than the decedent. (ECF No. 144, at 2.) Specifically, Plaintiff argues that products liability and wrongful death are separate and distinct theories of recovery – one meant for the individual who has suffered from some wrongful act had that individual lived, the other for spouses or heirs. (*Id.* at 2–4, 6, 7.) Plaintiff relies on *Rowell* and *Fish*. (*See* ECF No. 144, at 2 (citing *Rowell*, 976 P.2d at 364 and *Fish*, 120 Colo. at 208 (1949)).) However, the *Rowell* court made it clear that the issue there was not statute of limitations for wrongful death actions but "conditions precedent to bringing such an action." *Rowell*, 976 P.2d at 364. The *Rowell* court even distinguished the issue before it from the issue before *Crownover v. Gleichman*, 38 Colo. App. 96 (1976), *aff'd*, 194 Colo. 48 (1977) – the case Plaintiff cites as

indicative of the anomaly caused by the pre-1979 Wrongful Death Act. *Id.*; *see also* (ECF Nos. 139, at 10–12; 144, at 5).

Consequently, both Plaintiff's interpretation and application of *Rowell* are incorrect. As previously stated, the *Rowell* court did not address the issue of the interplay between C.R.S. § 13-21-202 and C.R.S. § 13-80-108(2) as this Court is asked to do here. And it appears Plaintiff raises these arguments for the first time as a last-ditch effort to urge this Court to ignore that analysis. Accordingly, the Court finds these arguments untimely and unpersuasive.

Beyond that, Plaintiff merely rehashes the same arguments already made before both the magistrate judge and this Court and rejected by both. (ECF Nos. 136, at 4–6; 138, at 3–6; 141, at 3; 144, at 7–11.)

***Remaining Defendants' Joint Motion to Dismiss.*** On October 5, 2020, the Remaining Defendants filed their motion to dismiss succinctly arguing dismissal is warranted for them for the same reasons as it was granted as to the Dismissed Defendants – the statute of limitations barred Plaintiff from filing her lawsuit after October 2018.[2] (ECF No. 142, at 3) ("Remaining Defendants assert the analysis, rationale and findings contained within the Recommendation and the Order apply equally to each of the Remaining Defendants.").

In response, Plaintiff provides a virtual copy-and-paste argument as the one provided in her Motion to Reconsider, arguing *Rowell* and *Fish* control. (ECF No. 145, at 2–6.)[3]

---

[2] The Remaining Defendants argue they, collectively, have not waived their right to assert their statute of limitations defense under Fed. R. Civ. P. 8(c)(1), because CRC and ExxonMobil raised the affirmative defense in their answers to the Second Amended Complaint (ECF Nos. 71, at ¶4 5; 69, at ¶ 44) and the others assert their joint motion to dismiss is their responsive pleading despite having filed no answer for almost a year (ECF No. 142, at 2–3). *See* (ECF No. 63) (Second Amended Complaint, the operative complaint filed on November 5, 2019).

[3] The Court, in exercising its discretion under D.C.COLO.L.CivR 7.1(d), determines no reply is necessary.

As previously stated, Plaintiff's argument, though timely in terms of a response to the Remaining Defendants' joint motion to dismiss, is incorrect as *Rowell* and *Fish* are conditions precedent cases, not statute of limitations cases. Consequently, the issue before the *Rowell* and *Fish* courts (conditions precedent to a wrongful death cause of action) is different than the one here (whether the products liability statute of limitations applies over the wrongful death statute of limitations). Additionally, despite Plaintiff's assertion that there is no difference between *Rowell* and *Fish* and this case merely because it also involves products liability is also incorrect – that detail is necessary in understanding why this case is distinguishable from *Rowell* and *Fish*. (ECF No. 145, at 6.) Therefore, Plaintiff's argument is rejected here as it was in the Motion to Reconsider.

Based on the foregoing, it is **ORDERED**:

(1) That Plaintiff's "Rule 59(e) Motion for Reconsideration of the Court's Order Dismissing Three Defendants" (ECF No. 144) is **DENIED**;

(2) That the Remaining Defendants' Joint Motion to Dismiss (ECF No. 142) is **GRANTED**;

(3) That **JUDGMENT** shall enter in favor of all Defendants; and

(4) That the Clerk shall close the case.

DATED this 2nd day of November, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge